/10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PRAXIS ENERGY AGENTS S.A., | § § § | |
| VS. | § § § | C. A. NO. B-02-028 IN ADMIRALTY FED. R. CIV. P. 9(h) |
| M/V DINA *in rem* | | |

## ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, M/V DINA, by and through her owner, Dolphina Shipping, Inc. of Marshall Islands, and files this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Pursuant to Fed. R. Civ. P. 12(b), (2) and (6), Defendant would show that the Complaint should be dismissed because of the lack of the Court's jurisdiction over the M/V DINA, *in rem* or its owner Dolphina Shipping, Inc. of Marshall Islands, and the failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Further answering, Defendant would show as a defense to the Complaint that Plaintiff has failed to reasonably, properly or adequately mitigate its damages, and that Plaintiff's damages, if any, should be barred or reduced accordingly.

### THIRD DEFENSE

Further answering, Defendant would show as a defense to the Complaint that Plaintiff does not have a valid lien against the vessel, or an *in rem* cause of action.

49824:1003595.1:022802

## FOURTH DEFENSE

Further answering, Defendant would show that the terms of the Charter Party for the vessel in effect at times material hereto preclude Plaintiff's claims.

## FIFTH DEFENSE

Further answering, Defendant would show that Plaintiff's claims are not governed by the Laws of Liberia, but are governed by the Laws of Italy, Spain and Belgium, which are the countries where the bunkers at issue in this matter were supplied to the M/V DINA. The laws of these countries do not recognize a lien against the vessel, or an *in rem* cause of action, with respect to Plaintiff's claims.

## SIXTH DEFENSE

Further answering, Defendant would show as a defense to the Complaint, that even if Liberia Law should be held applicable to Plaintiff's claims, Liberian law does not provide for a recovery under the circumstances presented here, because the bunkers at issue were ordered by the vessel's charterer and the Charter Party between the owner of the M/V DINA, Dolphina Shipping, Inc. of Marshall Islands, and the Charterer contained a "no lien" clause. Liberian law does not provide for a lien, whereas in this matter, the entity furnishing goods to the ship could have ascertained by the exercise of reasonable diligence that the Charter Party contained the no lien clause, or that the person ordering the goods was without authority to bind the vessel therefore.

## SEVENTH DEFENSE

Defendant answers the specific allegations in the Complaint in the following correspondingly numbered paragraphs:

1. Defendant agrees that this matter falls within the admiralty and maritime jurisdiction of this Court, but denies that Plaintiff has a valid claim under Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. The allegations of the second paragraph of the Complaint are denied for lack of sufficient information.

3. The allegations of the third paragraph of the Complaint are admitted.

4. The allegations of the fourth paragraph of the Complaint are denied.

5. The allegations of the fifth paragraph of the Complaint are denied, except it is admitted bunkers were supplied to the vessel.

6. The allegations of the sixth paragraph of the Complaint are denied for lack of information.

7. The allegations of the seventh paragraph of the Complaint are denied.

8. The allegations of the eighth paragraph of the Complaint are denied.

9. The allegations of the ninth paragraph of the Complaint are denied.

10. The allegations of the tenth paragraph of the Complaint are denied.

11. The allegations of the eleventh paragraph of the Complaint are denied, except it is admitted bunkers were supplied to the vessel.

12. The allegations of the twelveth paragraph of the Complaint are denied for lack of information.

13. The allegations of the thirteenth paragraph of the Complaint are denied.

14. The allegations of the fourteenth paragraph of the Complaint are denied.

15. The allegations of the fifteenth paragraph of the Complaint are denied.

16. The allegations of the sixteenth paragraph of the Complaint are denied.

17. The allegations of the seventeenth paragraph of the Complaint are denied, except it is admitted bunkers were supplied to the vessel.

18. The allegations of the eighteenth paragraph of the Complaint are denied for lack of information.

19. The allegations of the nineteenth paragraph of the Complaint are denied.

20. The allegations of the twentieth paragraph of the Complaint are denied.

21. The allegations of the twenty-first paragraph of the Complaint are denied.

22. The allegations of the twenty-second paragraph of the Complaint are denied.

23. The allegations of the twenty-third paragraph of the Complaint are denied.

24. The allegations of the twenty-fourth paragraph of the Complaint are denied.

25. The allegations of the twenty-fifth paragraph of the Complaint are denied.

26. The allegations of the twenty-sixth paragraph of the Complaint are denied.

27. The allegations of the twenty-seventh paragraph of the Complaint are denied.

28. The allegations of the twenty-eighth paragraph of the Complaint are denied.

29. The allegations of the twenty-ninth paragraph of the Complaint are denied.

30. The allegations of the thirtieth paragraph of the Complaint are denied.

31. Defendant denies the premises are true, but the Admiralty jurisdiction of his Court is recognized.

WHEREFORE, PREMISES CONSIDERED, the Defendant M/V DINA, *in rem*, by and through its owner Dolphina Shipping, Inc. of Marshall Islands prays that Plaintiff's claims be

dismissed, and that it be granted such other and further relief, both general and special, to which it may be entitled to receive at law or in equity.

Respectfully submitted,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By: _____
John F. Unger
State Bar No. 20690660
Federal I.D. No. 2808
1001 McKinney
Suite 1100
Houston, Texas 77002-6418
Telephone: (713) 224-8380
Facsimile: (713) 225-9945

Attorney in charge for Defendant M/V DINA and its owner Dolphina Shipping, Inc. of Marshall Islands

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

49824:1003595.1:022802

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2002, a true and correct copy of this document was mailed to the following counsel of record:

Dimitri P. Georgantas
Georgantas & Walters, L.L.P.
Suite 953
815 Walker Street
Houston, Texas 77002

_____
Of Royston, Rayzor, Vickery & Williams, L.L.P.

49824:1003595.1:022802                    -6-