UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNVILLE DIVISION

14

United States District Court
Southern District of Texas
ENTERED
FILED
MAR 1 7 2004
Michael N. Milby, Clerk of Court
By Deputy Clerk ___

United States Court
Southern District of Texas
FILED
MAR 1 2 2004
Michael N. Milby, Clerk

MARCEL D. GOODMAN,
Petitioner,

V.

GARY JOHNSON, Executive Director
Respondent.

MISC. ACTION NO.
B-02-028

PETITIONER GOODMAN'S OBJECTION TO THE
REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Marcel D. Goodman filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, in which he challenges the results of a prison disciplinary proceeding. For the following reasons, Petitioner asks, that Respondent Dretke's Motion to Dismiss be denied, and that Petitioner's request for habeas corpus relief be GRANTED.

I.
BACKGROUND

Goodman is challenging the results of a disciplinary proceedings, that stemmed from his alleged participation in a riot, that occurred while he was incarcerated. According to the Petitioner, on or about December 12, 2001, he was charged with violating an institutional division rule of Texas Department of Criminal Justice in disciplinary

1.

Case#20020098257, for allegedly participating in a racial riot, that occurred in a Willacy County penal institution. As a result of the hearing officer's finding of guilt, Goodman was punished. His punishment consisted of, demotion in his prisoner status, and forfeiture of good time credit. Petitioner Goodman, then filed for a federal writ of habeas corpus under 28 U.S.C. § 2254, following the finding of guilt, and argued, that there was insufficient evidence to support the guilty determination rendered, and that he was denied due process. Goodman urges, that this matter not be dismissed pursuant to Federal Rule of Civil Procedure 12 (b)(6) because Goodman has stated a federal habeas claim.

## II.

Since Goodman is not eligible, for mandatory supervision, because of his conviction, does that limited his due process rights as a state prisoner, to challenge a disciplinary case given unfairly under 28 U.S.C. § 2254. Spicer v. Collins, 9 F. Supp. 2d 673, 685 (E.D. Tex. 1998) (citing Orellana v. Kyle, 65 F. 3d 29, 31-33 (5th Cir. 1995) cert. denied, 516 U.S. 1059 (1996). The Texas statue governing good-time credits was revised in 1998, and the language of the new section is clearly designed to avoid creating a protected liberty interest.

It appears, that Petitioner Goodman has proven all of his facts, in support of his claim, that would entitle

2.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNVILLE DIVISION

MARCEL D. GOODMAN,
Petitioner,

V.

GARY JOHNSON, Executive Director
Respondent.

MISC. ACTION NO.
B-02-028

## PETITIONER GOODMAN'S OBJECTION TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Marcel D. Goodman filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, in which he challenges the results of a prison disciplinary proceeding. For the following reasons, Petitioner asks, that Respondent Dretke's Motion to Dismiss be denied, and that Petitioner's request for habeas corpus relief be GRANTED.

## I.
## BACKGROUND

Goodman is challenging the results of a disciplinary proceedings, that stemmed from his alleged participation in a riot, that occurred while he was incarcerated. According to the Petitioner, on or about December 12, 2001, he was charged with violating an institutional division rule of Texas Department of Criminal Justice in disciplinary

1.

Case #20020098257, for allegedly participating in a racial riot, that occurred in a Willacy County penal institution. As a result of the hearing officer's finding of guilt, Goodman was punished. His punishment consisted of, demotion in his prisoner status, and forfeiture of good time credit. Petitioner Goodman, then filed for a federal writ of habeas corpus under 28 U.S.C. § 2254, following the finding of guilt, and argued, that there was insufficient evidence to support the guilty determination rendered, and that he was denied due process. Goodman urges, that this matter not be dismissed pursuant to Federal Rule of Civil Procedure 12 (b)(6) because Goodman has stated a federal habeas claim.

## II.

Since Goodman is not eligible for mandatory supervision, because of his conviction, does that limited his due process rights as a state prisoner, to challenge a disciplinary case given unfairly under 28 U.S.C. § 2254. Spicer V. Collins, 9 F. Supp. 2d 673, 685 (E.D. Tex. 1998) (citing Orellana V. Kyle, 65 F. 3d 29, 31-33 (5th Cir. 1995) cer. denied, 516 U.S. 1059 (1996). The Texas statue governing good-time credits was revised in 1998, and the language of the new section is clearly designed to avoid creating a protected liberty interest.

It appears, that Petitioner Goodman has proven all of his facts, in support of his claim, that would entitle

2.

him to relief. As a result, Goodman's federal writ of habeas corpus should be granted, since he stated a claim under 28 U.S.C. § 2254.

_Marcel D. Goodman_
Marcel D. GOODMAN

## CERTIFICATE OF SERVICE

I, Marcel D. Goodman, Prisoner, Pro Se, Texas Department of Criminal Justice, do hereby certify that two copy's of the above and foregoing Petitioner Goodman's Objections to the Report and Recommendation of the Magistrate Judge, has been served by placing the same in the United States Mail, postage prepaid, on this the 9th day of March, 2004, addressed to: Clerk, United States District Court, Southern District of Texas, Post Office Box 61010, Houston, Texas 77208.

Respectfully submitted,
_Marcel D. Goodman #1022367_
Marcel D. Goodman #1022367
Boyd Unit, Rt. 2 Box 500
Teague, Texas 75860

3.